The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.




Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| LISA LANCE, | ) | CASE NO. 10-62606 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |

Before the court is the Application for Compensation filed by Debtor's counsel, James E. Brightbill (hereafter "Attorney Brightbill"), on July 14, 2010. Through the fee application, Attorney Brightbill seeks a total of $1,246.68, of which $600.00 has been paid. No objections or requests for hearing were filed.

The court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## DISCUSSION

The court reviews all fees in chapter 7 cases. The court has a two-tiered "no look"

fee system. For below median debtors, the no-look fee is $1,100.00. The fee increases to $1,300.00 for above-median debtors. Any time higher fees are requested, the court reviews the petition and issues an order requiring an explanation why the fees do not fall under the no-look fee. In this case, counsel did not offer an explanation, but merely submitted the fee application as a response. The central question in this case is whether the application demonstrates that counsel has provided services warranting an additional $100.00 in fees for this case.

Debtor filed a skeletal petition on June 15, 2010. When a skeletal petition is filed, the bankruptcy rules, specifically Federal Rule of Bankruptcy Procedure 1007(c), permit debtors an additional fourteen days to file the remaining schedules and other omitted information. In this case, the documents were due June 29, 2010. They were not filed until July 7, 2010.

This case involves a very basic petition and schedules. Debtor owns no real property and has less than $5,000.00 in personal property. There is no secured or priority debt. No reaffirmation agreements will be necessary. Debtor is single with one dependent and is the sole source of income for the household. She was a below-median debtor. Petitions do not get much simpler than this.

The starting point for a review of attorney's fees is 11 U.S.C. § 330(a), which authorizes a court to award "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(2) also permits a court to "award compensation that is less than the amount of compensation . . . requested."

First, the court will dispense with the request for $46.68 in fees and court costs. The application indicates that $20.68 was postage expense and $26.00 was an additional court costs for filing amended schedules. The $46.68 will be allowed.

Turning to the fee request, in the Sixth Circuit "reasonable compensation" is based on a lodestar calculation which requires a bankruptcy court to "multiply the attorney's reasonable hourly rate by the number of hours reasonably expended." *See* In re Boddy, 950 F.2d 334, 337 (6th Cir. 1991). The lodestar amount is subject to upward or downward adjustment based upon the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Geier v. Sundquist, 372 F.3d 784, 793 (6th Cir. 2004) (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)); *see also* Hensley v. Eckerhart, 461

U.S. 424 (1983).

The court finds that the time and labor does not equal that billed by Attorney Brightbill. On June 28, 2010, counsel billed 2.5 hours for drafting the petition. This is excessive. If counsel did spend this amount of time on the petition, the court is firmly convinced part of the labor was clerical and therefore not billable at attorney rates.

This case presented no novel or difficult questions. As stated before, the case was basic and therefore no special knowledge or skills were required. Nothing indicates the case was "undesirable." Counsel should not have been precluded from accepting other cases. The fees charged exceeded the customary fee, which is the basis for awards in similar cases.

Although time limitations may impact a fee award, there is no foundation to increase the award on that basis in this case. It appears that at the time of filing, Debtor was subject to a garnishment proceeding by Capital One, which may have served at the catalyst for the filing. The bankruptcy was filed on June 15, 2010, but Attorney Brightbill did not file the Suggestion of Bankruptcy, the notification in state court which is often required to stop an on-going garnishment, until June 28, 2010, almost two full weeks after the petition was filed. Consequently, any urgency which may have existed at filing was fully negated by counsel's delay in filing the Suggestion of Bankruptcy in state court.

For these reasons, the court finds that an adjustment to the lodestar is appropriate. Counsel will be awarded $1,146.28. If Debtor has paid more than $1,146.28, counsel shall immediately refund the overage to Debtor.

An order will be issued immediately.

#   #   #

**Service List**:

Lisa Lance
4225 Majorna Dr
West Salem, OH 44287

James E Brightbill
James E Brightbill
One Cascade Plaza
Suite 1410
Akron, OH 44308


Josiah L Mason
Canton
153 W Main St
PO Box 345
Ashland, OH 44805-2219